O

# United States District Court
# Central District of California

MODERN FLOOR SPECIALISTS, INC. et al.,

                    Plaintiffs,

        v.

CITY OF LOS ANGELES et al.,

                    Defendants.

Case № 2:25-cv-04765-ODW (JPRx)

**ORDER GRANTING MOTION TO DISMISS [29], DENYING PLAINTIFFS' MOTION FOR SANCTIONS [40], AND SETTING HEARING ON DEFENDANTS' MOTION FOR SANCTIONS [32]**

## I.   INTRODUCTION

Plaintiffs Joseph Branch, Erica Perez, Martha Arciniega, and Alicio Galeno Mendoza bring this action against the City of Los Angeles, its Mayor and City Attorneys, and two private individuals.  (First Am. Compl. ("FAC"), Dkt. No. 28.)[1] Plaintiffs allege everything from civil rights violations to trade secret misappropriation, all stemming from discovery requests made in a separate state court action.  (*See generally id.*)  Defendants City of Los Angeles, Mayor Karen Bass, and five City Attorneys (together, the "City Defendants") now move to dismiss the First Amended Complaint, claiming various immunities.  (Mot. Dismiss ("MTD"), Dkt. No. 29.)  They

---

[1] While Modern Floor Specialists, Inc. was originally named a plaintiff, (*see generally* Compl., Dkt. No. 1), the First Amended Complaint drops Modern Floor from the action, (*see generally* FAC).

also move for sanctions against Plaintiffs' counsel for bringing frivolous legal claims and including false or misleading representations in the First Amended Complaint. (Defs.' Mot. Sanctions ("DMFS"), Dkt. No. 32.) Plaintiffs also bring a motion for sanctions, alleging that the City Defendants' Motion for Sanctions itself is frivolous. (Pls.' Mot. Sanctions ("PMFS"), Dkt. No. 40.) For the following reasons, the Court **GRANTS** City Defendants' Motion to Dismiss, **DENIES** Plaintiffs' Motion for Sanctions, and **DEFERS RULING** on City Defendants' Motion for Sanctions pending a hearing. The Court also **ORDERS** Plaintiffs' counsel to **SHOW CAUSE** regarding a potentially hallucinated case in counsel's briefing.[2]

## II.    BACKGROUND[3]

Plaintiffs are all individuals formerly employed by or associated with non-party Modern Floor Specialists, Inc. (FAC ¶ 10.) Mendoza is a current Modern Floor employee; Arciniega is a former Modern Floor employee; Perez is a former Modern Floor principal; and Branch is a current Modern Floor business associate. (*Id.* ¶¶ 11–14.) City Defendants include the City of Los Angeles; Mayor Karen Bass; and City Attorneys Hydee F. Soto, Michael J. Bostrom, Jessica B. Brown, Joshua L. Crowell, and Nikhil Dandekar. (*Id.* ¶¶ 15–21.) Individual Defendants Bernardo Ortiz and Sonia Perez are not employees of the City of Los Angeles. (*Id.* ¶¶ 22–23.)

On July 29, 2024, City Defendants filed a civil law enforcement action in state court against Modern Floor, Mendoza, Perez, and Branch, asserting wage and hour claims on behalf of the People of the State of California (the "Modern Floor Action"). (*See* Req. Judicial Notice ISO MTD ("RJN MTD") Ex. 2 ("State Compl."), Dkt. No. 29-2.)[4] On August 5, 2025, Modern Floor filed for Chapter 11 bankruptcy. (FAC

---

[2] Having carefully considered the papers filed in connection with City Defendants' Motion to Dismiss and Plaintiffs' Motion for Sanctions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] All factual references derive from the First Amended Complaint unless otherwise noted. Plaintiffs' well-pleaded factual allegations are accepted as true only for purposes of resolving City Defendants' Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] The Court **GRANTS** City Defendants' Request for Judicial Notice because its exhibits are easily ascertainable through official public records searches. *See* Fed. R. Evid. 201(b)(2).

¶ 34.) On August 7, 2025, City Defendants received formal notice of the bankruptcy filing. (*Id.*) Despite the automatic stay associated with bankruptcy filings, on August 8, 2025, Crowell and Dandekar served Plaintiffs with requests for production and interrogatories.[5] (*Id.* ¶ 35.) City Defendants later moved to compel responses and demanded monetary sanctions for discovery non-compliance. (*Id.*)

At some point, Defendants "labeled Plaintiffs as 'Janitorial Defendants,' mocked [American Disability Act ("ADA")] complaints, made derogatory remarks about Plaintiffs' religion and ethnicity, and told Plaintiffs of Mexican descent to 'prove it in court, flip.'" (*Id.* ¶ 37.) Also at some point, City Defendants attended Modern Floor's bankruptcy meeting to intimidate Plaintiffs and collect information for sanctions and leverage. (*Id.* ¶ 40.)

Based on these allegations, Plaintiffs bring twelve causes of action. Plaintiffs bring five claims under 42 U.S.C. § 1983, alleging (1) retaliation under the First Amendment; (2) unreasonable search and seizure under the Fourth Amendment; (3) self-incrimination under the Fifth Amendment; (4) equal protection and due process under the Fourteenth Amendment; and (5) liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (*Id.* ¶¶ 63–81, 87–90.) Plaintiffs also bring four additional federal claims for (1) declaratory and injunctive relief under the Supremacy Clause and Bankruptcy Code; (2) trade secret infringement under the federal Defend Trade Secrets Act ("DTSA"); (3) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act; and (4) RICO conspiracy. (*Id.* ¶¶ 82–86, 91–103.) Finally, Plaintiffs assert three claims under state and common law: (1) trade secret infringement under the California Uniform Trade Secrets Act ("CUTSA"), (2) abuse of process; and (3) civil conspiracy. (*Id.* ¶¶ 91–95, 104–10.)

---

[5] The Court accepts this allegation as true for purposes of resolving City Defendants' Motion to Dismiss. *Iqbal*, 556 U.S. at 678. However, as discussed below, for purposes of City Defendants' Motion for Sanctions, the Court harbors severe doubts as to its veracity and concerns about whether it is false and misleading.

### III.    MOTION TO DISMISS

City Defendants move to dismiss the First Amended Complaint as pleaded against them.  (MTD 1.)

**A.    Legal Standard**

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable theory or insufficient facts pleaded to support an otherwise cognizable theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones,* 319 F.3d 482, 494 (9th Cir. 2003).  The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Determining whether a complaint states a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Generally, a court limits its review to the pleadings and must construe all factual allegations in the complaint "as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend, unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393,

1401 (9th Cir. 1986).  Thus, leave to amend "is properly denied . . . if amendment would be futile."  *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

**B.    Shotgun Pleading**

The Court must first address Plaintiffs' First Amended Complaint, which exhibits the symptoms of a shotgun pleading.  "A shotgun pleading is one where a party indiscriminately incorporates assertions from one count to another . . . preventing the opposing party from reasonably being able to prepare a response or simply making the burden of doing so more difficult."  *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) (citation modified).  There are four types of shotgun pleadings, two of which are relevant here: (1) "a complaint that fails to separate into a different count each cause of action or claim for relief"; and (2) "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.*

"[D]istrict courts do not have to accept" shotgun pleadings.  *Id.* at 1289.  "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts."  *Id.*  Even when the parties do not raise the issue, courts have "inherent authority" to dismiss a shotgun pleading when identified.  *Id.*

Plaintiffs' pleading is a shotgun pleading.  Plaintiffs assert eleven causes of action against nine defendants, including one entity (the City of Los Angeles) and the Mayor of Los Angeles.  (*See generally* FAC.)  However, Plaintiffs barely attempt to specify against which Defendants they are bringing each claim.  Instead, the Court is forced to guess, for example, which Defendants allegedly misappropriated trade secrets, (*id.* ¶¶ 91–95), or which Defendants were part of the civil conspiracy, (*id.* ¶¶ 107–10). Moreover, several of Plaintiffs' causes of action appear to include multiple claims rolled into one, such as their due process claim (combining procedural and substantive due

process) and their trade secret misappropriation claim (combining CUTSA and DTSA). (*Id.* ¶¶ 76–81, 91–95.)  These deficiencies make it unreasonably difficult for the Court to determine the substantive merits of the matter, "wreak[ing] havoc" and "wast[ing] scarce judicial resources." *Gibson*, 165 F.4th at 1288.

For these reasons, the Court **DISMISSES** Plaintiffs' First Amended Complaint. Ordinarily, the Court would stop here and simply grant Plaintiffs' leave to amend the entire First Amended Complaint. *See id.* at 1290.  However, in the interest of judicial economy and to narrow the scope of amendment, the Court addresses the various immunities that City Defendants raise.

## C.    Prosecutorial Immunity

Plaintiffs bring nine causes of action under federal law, alleging discovery abuses and litigation misconduct.[6]  (*See id.*)  City Defendants argue that absolute prosecutorial immunity bars Plaintiffs' federal causes of action against the City Attorneys because the claims are predicated on City Defendants' alleged discovery abuse or litigation misconduct.   (MTD 3–4.)   Generally, prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  The Ninth Circuit has extended this immunity to civil actions, reasoning that "[w]hether the government attorney is conducting a civil trial, criminal prosecution or an agency hearing, absolute immunity is necessary to assure that advocates can perform their respective functions without harassment or intimidation." *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (citation modified) (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978)).

---

[6] Plaintiffs also allege seemingly non-litigation misconduct, specifically, that "[Defendants] made derogatory remarks about Plaintiffs' religion and ethnicity." (FAC ¶ 37.) However, this allegation is so devoid of factual support—such as who made the remarks or what statements were made—that the Court does not accept it as true. *See Sprewell*, 266 F.3d at 988 (holding that courts are not "required to accept as true allegations that are merely conclusory").

6

The "touchstone of this immunity is whether the attorney's actions are 'intimately' or 'closely' associated with the judicial process." *Id.* (citing *Burns v. Reed*, 500 U.S. 478, 493–94 (1991)). For example, absolute immunity does not cover a prosecutor giving advice to police during an investigation. *Burns*, 500 U.S. at 495–96. However, absolute immunity covers even "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir. 2001) (citing *Imbler*, 424 U.S. at 416).

Plaintiffs bring federal claims regarding the City Attorneys' alleged discovery misconduct. (FAC ¶¶ 63–103.) The Ninth Circuit has held that actions taken during discovery are "subject to absolute prosecutorial immunity." *See Ohman v. County of Orange*, 460 F. App'x 649, 650 (9th Cir. 2011) (holding that "responding to defense discovery requests" is "related to [counsel's] role as an advocate for the state" and subject to absolute prosecutorial immunity). Here, as in *Ohman*, the City Attorneys' alleged actions fall squarely within their role as advocates for the state. Plaintiffs allege that the City Attorneys sought discovery from Plaintiffs despite an automatic bankruptcy stay, and when Plaintiffs failed to comply, the City Attorneys moved to compel discovery responses. (FAC ¶ 35.) However, requesting discovery and moving to compel discovery are both accepted discovery practices and at the core of the judicial process. *See* Fed. R. Civ. P. 26–37. Like the prosecutorial immunity that covered the prosecutor in *Ohman* who was responding to discovery requests, 460 F. App'x at 650, prosecutorial immunity must also cover the City Attorneys here that sent out the discovery requests. Thus, even accepting Plaintiffs' allegations as true, Defendants' actions are intimately associated with the judicial process and must be protected as such.

For these reasons, the Court finds that prosecutorial immunity applies to Plaintiffs' federal claims as pleaded against the City Attorneys. Thus, the Court **DISMISSES** the City Attorneys from the first through ninth causes of action in the First Amended Complaint.

**D.      Anti-SLAPP**

Defendants also move to dismiss Plaintiffs' state and common law causes of action as pleaded against them pursuant to California's anti-SLAPP (strategic lawsuits against public participation) law, arguing that Plaintiffs cannot prevail on these causes of action because of California's litigation privilege.  (MTD 9–10.)

Resolution of an anti-SLAPP motion "requires the court to engage in a two-step process." *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002).  First, the defendant must make a prima facie showing that the conduct underlying the plaintiff's cause of action, or portions of the cause of action that are asserted as grounds for relief, arises from the defendant's constitutional rights of free speech or petition.  *Id.* Second, if the first prong is satisfied, the burden shifts to the plaintiff to prove that he or she has a legally sufficient claim and to show a probability that the plaintiff will prevail on the claim. *Baral v. Schnitt*, 1 Cal. 5th 376, 384 (2016).  If a defendant prevails on an anti-SLAPP motion, that defendant is entitled to recover attorneys' fees and costs. Cal. Civ. Proc. Code § 425.16(c); *see United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972–73 (9th Cir. 1999) (holding that California's anti-SLAPP fee-shifting provisions apply in federal court).

*1.      "Arising From" Protected Activity*

Defendants must first make a "threshold showing that the challenged cause of action is one arising from protected activity."  *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002).  Protected activities include "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e)(2). "On the 'arising from' requirement, the defendant must show the defendant's act underlying the plaintiff's cause of action was itself a protected act." *Gaynor v. Bulen*, 19 Cal. App. 5th 864, 877 (2018) (citation modified).

Here, Defendants have made the requisite showing that Plaintiffs' state and common law cause of action arise from protected activity.  Specifically, as pleaded

against City Defendants, all three remaining causes of action arise from City Defendants' litigation activities. (FAC ¶¶ 91–95, 100–06.) First, Plaintiffs allege that City Defendants violated CUTSA by demanding data in abusive discovery. (*Id.* ¶ 93.) Second, Plaintiffs allege that City Defendants abused process by misusing subpoenas and motions to compel. (*Id.* ¶ 105.) Finally, Plaintiffs allege that City Defendants committed overt acts in furtherance of a conspiracy, including fraudulent filings and disclosure of privileged materials. (*Id.* ¶ 109.) Each of these acts are protected activities because City Defendants made these writings "in connection with an issue under consideration or review by a . . . judicial body," here, the Modern Floor Action. Cal. Civ. Proc. Code § 425.16(e)(2).

Thus, the Court finds that Plaintiffs' state causes of action arise out of City Defendants' protected activity.

### 2. Reasonable Probability of Prevailing

The burden now shifts to Plaintiffs to demonstrate that "there is a probability that [they] will prevail on the claim." Cal. Civ. Proc. Code § 425.26(b)(1). However, Plaintiffs cannot establish this probability because Plaintiffs' state law claims are all barred by California's litigation privilege.

California's litigation privilege applies to any publication or broadcast made in a judicial proceeding. Cal. Civ. Code § 47(b). "The breadth of the litigation privilege cannot be understated." *Olsen v. Harbison*, 191 Cal. App. 4th 325, 333 (2010). This privilege extends to "any communication, whether or not it amounts to a publication . . . , and all torts except malicious prosecution." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990). The privilege even extends to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id.*

Even taking Plaintiffs' allegations as true, all of City Defendants' protected activities fall under California's litigation privilege. City Defendants' alleged

fraudulent filings and abusive discovery, while perhaps uncouth, were still designed "to achieve the objects of" and are connected to the Modern Floor Action.  Plaintiffs argue that the litigation privilege does not apply because City Defendants protected activities were "outside the legitimate scope of judicial proceedings" and were "undertaken for improper purposes." (Opp'n MTD 15, Dkt. No. 31.)  However, "the litigation privilege applies even when statements are made for improper purposes." *Weiser Law Firm, P.C. v. Hartleib*, No. 8:23-cv-00171-CJC (JDEx), 2023 WL 4291982, at \*8 (C.D. Cal. May 8, 2023).  Thus, even if City Defendants acted improperly or out of malice, their litigation conduct is protected by California's litigation privilege.

For these reasons, the Court finds that California's litigation privilege bars Plaintiffs' state and common law claims as pleaded against City Defendants.  Thus, Plaintiff cannot demonstrate a reasonable probability of prevailing for purposes of the City Defendants' anti-SLAPP motion.  As a result, the Court **GRANTS** City Defendants' anti-SLAPP motion and **DISMISSES** City Defendants from Plaintiffs' seventh, tenth, and eleventh causes of action.  The Court shall afford City Defendants the opportunity to request attorneys' fees.

**E.      Conclusion**

For these reasons, the Court **GRANTS** City Defendants' Motion to Dismiss, as stated above.

## IV.     MOTIONS FOR SANCTIONS

City Defendants and Plaintiffs both move for sanctions under Rule 11.

**A.      Legal Standard**

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Properly construed, Rule 11 sanctions are "an extraordinary remedy" reserved for "the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr. v. A-C Co.*,

10

859 F.2d 1336, 1344–45 (9th Cir. 1988).  "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Id.* at 1344.

Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*

**B.    City Defendants' Motion for Sanctions**

City Defendants argue that Plaintiffs' counsel, Joshua Matic, violated Rule 11 in two ways.[7]  (DMFS 1.)  First, they argue that the claims Matic advanced are frivolous.  (*Id.* at 7–9.)  Second, they argue that several factual allegations in the First Amended Complaint are false or misleading.  (*Id.* at 5–6.)

*1.    Frivolous Claims*

Rule 11 requires that legal claims contained in a pleading are warranted by existing law and are not frivolous.  Fed. R. Civ. P. 11(b)(2).  "Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). Courts apply an objective standard of reasonableness to determine frivolity and baselessness. *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003).

The Court harbors concerns that the claims and arguments that Matic advanced are likely legally frivolous.  It appears objectively unreasonable for an attorney to bring a federal lawsuit against other attorneys for conducting discovery.  There were other avenues Plaintiffs could have reasonably taken to curb any discovery misconduct in the Modern Floor Action, including motions to quash or motions for discovery sanctions in

---

[7] Although City Defendants refer to Plaintiffs, rather than Matic, throughout their Motion for Sanctions, only "attorney[s] or unrepresented part[ies]" can violate Rule 11.  *See* Fed. R. Civ. P. 11(b).

that action.  Compounding the unreasonableness is the fact that Matic advanced these claims against the Los Angeles City Attorneys' office acting in their official capacity. (*See* FAC ¶¶ 17–21.)  Cursory legal research would have revealed that prosecutorial immunity and litigation privilege bars Plaintiffs' claims against City Defendants.

The Court also harbors concerns that the claims Matic advanced are frivolous in light of the procedural posture of Modern Floor's bankruptcy.  On September 4, 2025, the U.S. Bankruptcy Court for the Central District of California granted City Defendants' motion for relief from the automatic stay under 11 U.S.C. § 362 in Modern Floor's bankruptcy.  (RJN ISO DMFS Ex. 3 ("Order Grant Mot. Relief Stay"), Dkt. No. 32-2.)  The Bankruptcy Court explicitly stated that the automatic stay was "[a]nnulled *retroactively* to the bankruptcy petition date." (*Id.* (emphasis added).)  The Bankruptcy Court further stated that "[a]ny postpetition acts taken by [City Defendants] to enforce its remedies regarding the nonbankruptcy action *do not constitute a violation of the stay*." (*Id.* (emphasis added).)  However, when Matic filed the First Amended Complaint on September 25, 2025—three weeks after the Bankruptcy Court's decision—Matic failed to mention the Bankruptcy Court's decision and continued to advance claims seemingly precluded by the Bankruptcy Court. (*See generally* FAC.)  Specifically, Matic continued to advance the claim that City Defendants' discovery actions violated an automatic stay, despite the Bankruptcy Court's explicit order to the contrary.

Thus, it appears that the claims Matic advanced against City Defendants were both baseless and made without a reasonable and competent inquiry.

### 2.   *Misrepresentations in the First Amended Complaint*

When a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a "two-prong inquiry" by asking (1) "whether the complaint is legally or factually 'baseless' from an objective perspective," and (2) whether the attorney failed to conduct a "'reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v.*

12

*Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).  Courts impose Rule 11 sanctions only when the answer to both questions is affirmative.  *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

City Defendants point to several alleged misrepresentations in Plaintiffs' First Amended Complaint.  (DMFS 5–6.)  First, throughout the First Amended Complaint, Matic represents that the underlying bankruptcy proceedings are Plaintiffs' proceedings.  (*See, e.g.*, FAC ¶¶ 40, 64.)  This fact serves as the lynchpin to Plaintiffs' claims because Plaintiffs allege that City Defendants served Plaintiffs with discovery in violation of the automatic stay associated with declaring bankruptcy.  (*See generally* FAC); 11 U.S.C. § 362.  However, Modern Floor declared bankruptcy, not Plaintiffs.  (RJN ISO DMFS Ex. 2 ("Bankruptcy Pet."), Dkt. No. 32-2.)  Thus, Matic's representation that Plaintiffs declared bankruptcy appears to be false and misleading.

Second, Plaintiffs allege that City Defendants served discovery requests on Plaintiffs after Modern Floor declared bankruptcy, which Plaintiffs claim violated the automatic bankruptcy stay.  (*See* FAC ¶¶ 34–35.)  However, in a sworn declaration, Defendant Crowell states that he did not serve discovery requests on any party *after* Modern Floor declared bankruptcy.  (Decl. Joshua L. Crowell ISO DMFS ("Crowell Decl.") ¶ 6, Dkt. No. 32-3.)  Instead, Crowell moved to compel discovery on already-served discovery requests with the state court in the Modern Floor Action.  (*Id.*)  Even then, Crowell made sure to avoid moving to compel discovery of Modern Floor, as Modern Floor had filed for bankruptcy triggering an automatic stay as to itself.  (*Id.*)  Plaintiffs offer nothing to rebut Crowell's sworn declaration testimony, other than asking the Court to take the allegations in their pleading as true.  (*See* Opp'n DMFS 3–4, Dkt. No. 33.)  Thus, Plaintiffs' representation that Plaintiffs were served interrogatories and requests for production after the bankruptcy stay appears false and misleading.

Finally, Plaintiffs allege that Crowell and Dandekar improperly referenced and used privileged information.  (FAC ¶ 38.)  This allegation, if true, would be deeply

troubling and also implicates California's Rules of Professional Conduct. *See* Cal. R. Prof. Conduct 4.4. However, Crowell and Dandekar both declare that they have never received any confidential attorney-client communications of Plaintiffs', nor has Matic alerted them to the possibility. (Crowell Decl. ¶ 11; Decl. Nikhil Dandekar ISO DMFS ¶ 4, Dkt. No. 32-6.) Again, Plaintiffs offer nothing to rebut this besides asking the Court to take the allegations in their pleading as true. (*See* Opp'n DMFS 3–4.) Thus, Plaintiffs' representation that Crowell and Dandekar misused Plaintiffs' privileged information also appears false and misleading.

For these reasons, the Court finds that Matic may have advanced legally frivolous claims and factually false allegations. However, in the interest of affording Matic sufficient process, the Court **DEFERS** ruling on City Defendants' Motion for Sanctions. The Court shall hear oral argument regarding whether it should impose sanctions for any potential Rule 11 violations.

## C.    Plaintiffs' Motion for Sanctions

Plaintiffs' Motion for Sanctions is "based on [City] Defendants' filing of a frivolous and improper motion for sanctions." (PMFS 1–2.) As discussed above, the Court does not find City Defendants' Motion for Sanctions frivolous or improper, and instead finds that City Defendants have an adequate basis on which to bring their Motion for Sanctions. Thus, the Court **DENIES** Plaintiffs' Motion for Sanctions.

## V.    ORDER TO SHOW CAUSE

In Plaintiffs' opposition brief to City Defendants' Motion to Dismiss, Matic cites to a supposed Ninth Circuit opinion in *Mabee v. County of Orange*, 784 F. App'x 585, 588 (9th Cir. 2019). (Opp'n MTD 16.) However, that reporter and pincite leads instead to *Cochran v. City of Wichita*, 784 F. App'x 585, 588 (10th Cir. 2019), a case that has no bearing on any of the issues presented in this case. Indeed, the Court finds no case in any federal or state jurisdiction with the case caption *Mabee v. County of Orange*.

Accordingly, the Court **ORDERS** Matic to file a sworn declaration, no later than **three (3) days** from the date of this Order, addressing *Mabee*. The declaration shall

address where Matic found *Mabee* and specify the legal proposition for which he cited it. Matic shall also attach a copy of the *Mabee* opinion to his declaration. If Matic cannot demonstrate that *Mabee* exists, Matic shall **SHOW CAUSE** why the Court should not sanction him for using artificial intelligence to perform legal research and failing to perform a reasonable inquiry into whether his legal citations are supported. Matic should also be prepared to address his use of *Mabee* at the forthcoming hearing.

## VI.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** City Defendants' Motion to Dismiss. (Dkt. No. 29.) Specifically, the Court **DISMISSES** City Attorneys Soto, Bostrom, Brown, Crowell, and Dandekar from the federal causes of action **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE** because they are protected by prosecutorial immunity. The Court also **DISMISSES** City Defendants from Plaintiffs' seventh, tenth, and eleventh causes of action **WITHOUT LEAVE TO AMEND** and **WITH PREJUDICE** as they are protected by litigation privilege from these state and common law causes of action. Finally, the Court sua sponte **DISMISSES** the balance of Plaintiffs' First Amended Complaint as an improper shotgun pleading, **WITH LEAVE TO AMEND**.

If Plaintiffs choose to amend, they must do so within **twenty-one (21) days** of the date of this Order, in which case, Defendants shall answer or otherwise respond no later than **fourteen (14) days** from the date of the filing of the amended complaint. Plaintiffs must conform to the pleading standards in the Rules. Plaintiffs are also limited to amending the federal causes of action as pleaded against the City of Los Angeles, Mayor Karen Bass, Ortiz, and Perez, and amending the state causes of action as pleaded against Ortiz and Perez. If Plaintiffs choose not to amend, all causes of action shall be deemed dismissed with prejudice as of the lapsed deadline, and the Court will close the case.

The Court **ORDERS** City Defendants to file a declaration with their request for attorneys' fees and costs, pursuant to California's anti-SLAPP statute, within **fourteen**

**(14) days** of this Order.  Plaintiffs may file their response to City Defendants' request within **seven (7) days** of City Defendants' filing.  The Court will resolve the matter without a hearing unless otherwise noticed.

The Court **DENIES** Plaintiffs' Motion for Sanctions.  (Dkt. No. 40.)  The Court **DEFERS RULING** on City Defendants' Motion for Sanctions.  (Dkt. No. 32.)  The Court also **ORDERS** Matic to **SHOW CAUSE**, within **three (3) days** from the date of this Order, addressing his citation of *Mabee*.  The Court sets City Defendants' Motion for Sanctions and the Order to Show Cause for hearing on **APRIL 14, 2026, at 8:00 a.m.** in Courtroom 5D.

**IT IS SO ORDERED.**

April 3, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

16